**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

PHYLLIS JACKSON,　　　　　　　　　　＊
INDIVIDUALLY AND AS PERSONAL　＊
REPRESENTATIVE OF THE ESTATE OF　＊
SAMUEL STEVE JACKSON,　　　　　　＊
　　　　　　　　　　　　　　　　　＊
　　　　　　　PLAINTIFF,　　　　　　＊　　　CIVIL ACTION NO. 24-00878
　　　　　　　　　　　　　　　　　＊
　　　　　　　　　　　　　　　　　＊
VERSUS　　　　　　　　　　　　　　＊
　　　　　　　　　　　　　　　　　＊
BP EXPLORATION & PRODUCTION　　＊　　　JUDGE BARBIER
INC., and BP AMERICA　　　　　　　　＊
PRODUCTION COMPANY,　　　　　　　＊
　　　　　　　　　　　　　　　　　＊
　　　　　　　DEFENDANTS.　　　　　＊　　　MAGISTRATE
　　　　　　　　　　　　　　　　　＊　　　JUDGE CURRAULT
　　　　　　　　　　　　　　　　　＊
Related to:　　12-968 BELO　　　　　　＊
　　　　　　　in MDL No. 2179　　　　　＊
　　　　　　　　　　　　　　　　　＊

＊ ＊ ＊ ＊ ＊ ＊ ＊ ＊ ＊ ＊ ＊ ＊ ＊ ＊ ＊ ＊ ＊ ＊ ＊ ＊ ＊ ＊ ＊ ＊ ＊

## PLAINTIFF'S OPPOSITION TO BP PARTIES' MOTION TO TRANSFER VENUE

NOW INTO COURT, through undersigned counsel, comes Plaintiff, PHYLLIS JACKSON, individually and as personal representative of THE ESTATE OF SAMUEL STEVE JACKSON ("Plaintiff"), and respectfully submits this Opposition to BP Parties' Motion to Transfer Venue ("BP's Motion"). (Rec. Doc. 9).

Defendants, BP Exploration & Production, Inc. and BP America Production Company (collectively, "BP" or "BP Defendants"), believe that the proper venue for this BELO lawsuit is the United States District Court for the Northern District of Florida. However, Plaintiff's choice and proper venue for this case is the United States District Court for the Southern District of Alabama. Although Plaintiff currently resides in the Northern District of Florida, near the state's border with Alabama, there are important witnesses located in Alabama, Plaintiff's forum choice should not be disturbed, and transfer to the Southern District of Alabama is appropriate.

## I.    INTRODUCTION

Plaintiff is a natural person who resides in Milton, Florida. Decedent resided in Milton, Florida, and was exposed to toxic chemicals in and around not only various Florida cities including Fort Pickens and Panama City, but also various Alabama cities, including Mobile and Gulf Shores while performing Deepwater Horizon Oil Spill clean-up work. The BP Defendants are Delaware corporations with their principal places of business in Houston, Texas. BP operates in seventy (70) countries worldwide and regularly conducts business in thirty-three (33) of the fifty (50) states of the United States of America, including operation of approximately seventy-nine (79) gas stations in the state of Alabama.[1]

On April 8, 2024, Plaintiff Phyllis Jackson filed this action against Defendants in the Eastern District of Louisiana,[2] pursuant to the Medical Benefits Class Action Settlement Agreement ("MSA").[3] Plaintiff's Complaint alleges that Decedent was diagnosed with and eventually passed away from an incurable, rapid spreading blood cancer as a result of exposure to toxic chemicals during his Deepwater Horizon Oil Spill clean-up work. Plaintiff, on behalf of herself and her late husband's estate, seeks compensation for the pain, suffering, and other losses that BP caused her, her husband, and her family. No BELO case has yet gone to trial and no District can claim experience in adjudicating BELO matters to trial.

On April 9, 2024, the Honorable Judge Barbier entered an Initial Proceedings Case Management Order for this case, which directed the parties to file their motions to transfer venue no later than one hundred and twenty (120) days after the date of the filing of the Complaint if

---

[1] Geo.Me. (n.d.). *Find bp locations in United States | Nearest bp station in United States*. https://map.bp.com/en-GB/US/petrol-station/?_ga=2.61723948.1414045204.1723840591-556706825.1720209618.

[2] Complaint, Rec. Doc. 1.

[3] *See* Deepwater Horizon *Medical Benefits Class Action Settlement Agreement, as Amended on May 1, 2012,* MDL 2179, Rec. Doc. 6427-1 (May 3, 2012), §. VIII.G.

no agreement as to where further proceedings should be conducted had been reached.[4] Therefore, the parties submitted their respective motions at issue and Plaintiff, in this response, objects to BP's Motion to Transfer this case to the Northern District of Florida against Plaintiff's selected, and proper, forum.

BP admitted that it lacked knowledge or information sufficient to form a belief about the proper venue for this case and that although the submitted venue was proper in the Northern District of Florida at that time, they expected to obtain more information from Plaintiff's disclosures and the discovery process which may warrant a different District.[5] Plaintiff then provided information in her initial disclosures which identified multiple treating physicians and specialists located in Alabama, but Defendants have strategically decided to stand on their original position.

Defendants' request to transfer this case to the Northern District of Florida rather than the Southern District of Alabama is presumably motivated by gamesmanship. BP falsely claims the Northern District of Florida is the most convenient venue for this matter and that transfer would be in the interest of justice.[6] However, Plaintiff offers evidence that much of the alleged incident leading to Decedent's injuries at issue in this case took place in the Southern District of Alabama, that traveling to the Southern District of Alabama for trial would not pose a major inconvenience to the necessary witnesses, and that having this case heard in the Southern District of Alabama rather than the Northern District of Florida would promote justness and fairness. Under these circumstances, BP cannot meet its burden as the moving party.

---

[4] CMO, Rec. Doc. 3, §. III.
[5] Answer, Rec. Doc. 4, at 3.
[6] Defendants' Motion to Transfer Case, Rec. Doc. 9.

## II. LEGAL STANDARD

A traditional 1404(a) analysis should not apply here given the circumstances of this "direct filed" BELO lawsuit because Section 1404(a) was not created with the intent to displace plaintiff's choice of forum.[7] District Courts are generally not permitted to rely on 28 U.S.C. § 1404(a) to transfer cases out of a Multi-District Litigation court.[8] Only the Judicial Panel on Multidistrict Litigation has that authority. However, if the Court determines that the Section 1404(a) factors do strictly apply here, it should deny Defendants' Motion to Transfer Venue to the Northern District of Florida because Defendants have not met their burden. Defendants bear the heavy burden of showing good cause exists for a transfer by "clearly demonstrat[ing] that a transfer is '[f]or the convenience of the parties and witnesses, in the interest of justice.'"[9] Defendants have not done so.

A Plaintiff's choice of forum "should be disturbed only if it is clearly outweighed by other considerations.[10] If the transferee court is not shown to be clearly more convenient, then the court deciding whether to transfer should respect the plaintiff's choice of venue.[11] Section 1404(a)

---

[7] *See Van Dusen v. Barrack*, 376 U.S. 612, 635-36 (1964) (stating that 1404(a) was not designed to narrow the plaintiff's venue privilege).

[8] *See Kalama v. Matson Nav. Co*., 875 F.3d 297, 308 (6th Cir. 2017) ("the MDL court had no power to directly transfer" cases); *Sinclair v. Citi Mortgage, Inc.,* 519 F. App'x 737, 739 (3d Cir.) (requests to transfer must be filed with the JPML), cert. denied, 571 U.S. 902 (2013); *In Re: NCAA Student-Athlete Concussion Injury Litig.*, MDL No. 2492, 2023 WL 6461232 at *7 (N.D. Ill. Oct. 4, 2023) ("an MDL transferee court does not have the authority to transfer a consolidated case"); *In re FEMA Trailer Formaldehyde Prod. Liab. Litig.*, MDL No. 07-1873, 2012 WL 1580761 at *1 n.2 (E.D. La. May 4, 2012) ("the remand of transferred cases can be decided only by the Judicial Panel pursuant to section 1407(a)"); *In re Air Crash at Tegucigalpa, Honduras*, Nos. 09-02005-CIV, 09-20401 CIV, 2009 WL 4639348 at *1 (S.D. Fla. Nov. 5, 2009) (denying motion to transfer pursuant to § 1404(a): "Only the [JPML] which originally consolidated this action here, has such authority").

[9] *Asevedo v. NBC Universal Media, LLC*, 921 F. Supp. 2d 573, 591 (E.D. La. 2013) (citing *In re Volkswagen of Am., Inc.,* 545 F.3d 304, 315 (5th Cir. 2008) (quoting 28 U.S.C. § 1404(a)).

[10] *Nathan v. Ampro Fisheries, Inc.,* No. CIV. A. 90-2415, 1990 WL 134595, at *1 (E.D. La. Sept. 10, 1990) (citing *See Howell v. Tanner,* 650 F.2d 610 (5th Cir.1981); *reh'g denied,* 659 F.2d 1079; *cert. denied,* 456 U.S. 918 (1982)).

[11] *See id.*

places "discretion in the district court to adjudicate motions to transfer according to an 'individualized, case-by-case consideration of convenience and fairness'"[12] and provides that "[f]or the convenience of parties and witnesses, and in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district of division to which all parties have consented."[13] It is well-established that "plaintiff's choice of venue should not be lightly disturbed."[14] Although Plaintiff's choice of venue is "neither conclusive nor determinative,"[15] in weighing the various interests, the district court should "keep in mind that the plaintiff's choice of forum is usually to be respected."[16]

The Fifth Circuit applies an eight-factor test, consisting of four private factors and four public factors, to motions to transfer under Section 1404(a). "The private interest factors are: (1) the relative ease of access to sources of proof; (2) the availability of compulsory process to secure the attendance of witnesses; (3) the cost of attendance for willing witnesses; and (4) all other practical problems that make trial of a case easy, expeditious and inexpensive."[17] "The public interest factors are: (1) the administrative difficulties flowing from court congestion; (2) the local interest in having localized interests decided at home; (3) the familiarity of the forum with the

---

[12] *See* 28 U.S.C. Sec. 1404(a); *see also Dickson Properties, LLC V. Wells Fargo Bank, N.A.*, No. 7:16-CV-527, 2017 WL 3273380, at *2 (W.D. Va. Aug. 1, 2017) (quoting *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988) (quoting *Van Dusen v. Barrack*, 376 U.S. 612, 622 (1964))).

[13] 28 U.S.C. § 1404(a). *See also In Re Planned Parenthood Fed. of Am., Inc.,* 52 F.4th 625, 630 (5th Cir. 2022).

[14] *See, e.g., Intellectual Ventures I LLC v. Checkpoint Software Techs. Ltd.*, 797 F. Supp. 2d 472, 479 (D. Del. 2011).

[15] *In re Horseshoe Ent.*, 337 F.3d 429, 434 (5th Cir. 2003) (per curiam).

[16] *Walter Fuller Aircraft Sales v. The Rep. of the Philippines*, 965 F.2d at 1389. *See also Atl. Marine Const. Co. v. U.S. Dist. Ct. for W. Dist. Of Tex.,* 571 U.S. 49, 62 n.6 (2013) ("The Court must … give some weight to the plaintiffs' choice of forum."); *In re Clarke*, 94 F.4th 502, 516 (5th Cir. 2024) (explaining that the court "must also give some weight to [a] plaintiff['s] choice of forum and his role as master of the complaint."); *Def. Distributed v. Bruck*, 30 F.4th 414, 433 (5th Cir. 2022) (providing that the plaintiff's choice of venue should be respected); *In re Volkswagen of Am., Inc.,* 545 F.3d 304, 315 (5th Cir. 2008) (same).

[17] *In Re Planned Parenthood*, 52 F.4th at 630.

law that will govern the case; and (4) the avoidance of unnecessary problems of conflicts of laws or in the application of foreign law."[18] Judge Barbier has applied the same eight-factor test and has emphasized that any motion to transfer requires "good cause," including a showing that the requested venue is "clearly more convenient."[19]

## III. ANALYSIS

### a. Plaintiff's choice of forum should be given significant weight.

The default rule is that the choice of forum belongs to the Plaintiff, not the Defendant.[20] A plaintiff's motive for choosing a forum "is ordinarily of no moment: a court may be selected because its docket moves rapidly, its discovery procedures are liberal, its jurors are generous, the rules of law applied are more favorable, or the judge who presides in that forum is thought more likely to rule in the litigant's favor."[21] When deciding a motion to transfer, a court must consider various factors including the "place of the alleged wrong and plaintiff's choice of forum. The latter factor is the most influential and should rarely be disturbed unless the balance is strongly in favor of the defendant."[22] "At the very least, the plaintiff's privilege of choosing venue places the burden of proof on the defendant, as the moving party, to demonstrate why the forum should

---

[18] *Id.* (brackets omitted). *See also Weber v. PACT XPP Techs., AG*, 811 F.3d 758, 766-67 (5th Cir. 2016) (listing same eight factors).

[19] *Sashington v. Georgia-Pacific LLC,* Civil Action No.: 17-557, 2017 WL 1364857 at *1-2. *See also Broussard v. First Tower Loan, LLC,* 135 F. Supp. 3d 540, 544-46 (E.D. La. 2015) (citing eight-factor test and emphasizing that transferee forum must be "clearly more convenient").

[20] *Severance v. Patterson,* Not Reported in Fed. Supp. (2006) at *5 (Court must consider the plaintiff's choice of forum, and as stated above the movant bears the burden of convincing the Court that transfer should be granted); *see also Time, Inc. v. Manning*, 366 F.2d 690, 698 (5th Cir.1966) (plaintiff's privilege to choose is "highly esteemed"); *Peteet v. Dow Chemical Co.,* 868 F.2d 1428, 1436 (5th Cir. 1989) (plaintiff is "generally entitled to choose the forum").

[21] *See Z-Tel Communications, Inc. v. SBC Communications, Inc.,* 331 F.Supp.2d 567, 572 (E.D. Tex. 2004) (citing *In re Triton,* 70 F.Supp.2d at 689) (citing *McCuin v. Tex. Power & Light Co.,* 714 F.2d 1255, 1261–62 (5th Cir.1983)); *cf. Miles v. Ill. Cent. R.R. Co.,* 315 U.S. 698, 707 (1942).

[22] See *Stalnaker v. Amtrak*, CIV.A. 97-3765, 1998 WL 283300 at *1 (E.D. La. May 28, 1998) (quoting *Capstead Mortgage Corp. V. Sutter Mortgage Corp.*, No. 3:95-CV-2827-G, 1997 WL 135678, at *5 (N.D.Tex. 1997).

be changed," and "while neither conclusive nor determinative, in this circuit 'the plaintiff's choice of forum is clearly a factor to be considered'"[23] with weight along with the plaintiff's role as master of the complaint.[24]

Plaintiffs in Deepwater Horizon Oil Spill BELO cases should not lose their right to choose the forum merely because the requirements of this MDL necessitate them to originally file their actions in the Eastern District of Louisiana. As this Circuit has continually recognized, "[a] plaintiff's right to choose a forum is 'well-established,' and the choice is usually highly esteemed."[25] Here, Plaintiff's choice of forum should be entitled to heavy weight even though it is not an express factor under 28 U.S.C. Sec. 1404 because Plaintiff was forced to direct-file her claim in the Eastern District of Louisiana even though she would have brought it elsewhere. Plaintiff has moved to transfer this case to the Southern District of Alabama and should not be prevented from exercising her right to file in the forum she thinks most appropriate. Therefore, Defendants should be held to an even higher standard than usually applied under 1404 to ensure Plaintiff's rights are not infringed upon.

Forum shopping is another form of litigation gamesmanship.[26] Here, the BP Defendants are engaging in strategic forum shopping in an attempt to transfer from what would otherwise be a proper venue. BP's arguments for transfer to the Northern District of Florida are quite similar to that of the Defendant's in *Gregoir v. Delmar System, Inc.* The *Delmar* case arose out of injuries

---

[23] *See Gregoire v. Delmar Sys., Inc.*, CIV.A. 05-2812, 2005 WL 3541051, at *2 (E.D. La. Dec. 5, 2005) (quoting *In re Horseshoe Entertainment*, 337 F.3d 429, 434-35 (5th Cir. 2003)).

[24] *Walter Fuller Aircraft Sales v. The Rep. of the Philippines*, 965 F.2d at 1389. *See also Atl. Marine Const. Co. v. U.S. Dist. Ct. for W. Dist. Of Tex.,* 571 U.S. at 62 n.6; *In re Clarke*, 94 F.4th at 516; *Def. Distributed v. Bruck,* 30 F.4th at 433; *In re Volkswagen of Am., Inc.,* 545 F.3d at 315.

[25] *Z-Tel Communications, Inc. v. SBC Communications, Inc.,* 331 F.Supp.2d 567 (2004) (citing *In re Triton,* 70 F.Supp.2d at 688 (quoting *Texas Instruments, Inc. v. Micron Semiconductor*, 815 F.Supp. 994, 996 (E.D.Tex.1993)).

[26] Craig Enoch, *Incivility in the Legal System? Maybe It's the Rules,* 47 SMU L. Rev. 199, 207-08 (1994).

plaintiff sustained while working as a rigger for Delmar while on board the M/V SEACOR VANGUARD when plaintiff was struck in the head by a personnel basket.[27] There, Defendant Delmar ("Delmar") filed a Motion to Transfer Venue from the Eastern District of Louisiana to the Western District of Louisiana, pursuant to 28 U.S.C. Sect. 14014(a).[28] In support of its motion, Delmar argued that transfer was proper "for the convenience of the parties [and] witnesses and the interest of justice[,]" because, among other reasons, "plaintiff live[d] 20 miles from Lafayette; Delmar has its principal office...ten miles from Lafayette; at the time of the incident the anchor handling crew were working out of Delmar's Broussard office...that *all but one of plaintiff's health providers reside in Lafayette* and that *several possible witnesses [resided] in or within 20 miles of Lafayette*[.]"[29] Most applicable to the present case, a primary factor in this Court's decision in *Delmar* to deny Defendant's Motion was that "to use [the medical witnesses'] residence as a guide to venue determinations would result in creating a forum shopping opportunity for defendants who could send injured employees to physicians in a venue they desire."[30]

In the present case, BP predominantly supports its Motion to Transfer with the fact that two out of three, or "all but one of" the plaintiff's diagnosing medical witnesses reside in the

---

[27] *Gregoire v. Delmar Sys., Inc.*, CIV.A.05-2812, 2005 WL 3541051, at *1 (E.D. La. Dec. 5, 2005) (denying Defendant's Motion to Transfer Venue and finding Defendant failed to meet its burden of proving that a 28 U.S.C. Sec. 1404 transfer was appropriate).

[28]*Id.*

[29] *Id. (emphasis added).* Defendant Delmar also argued that transferring the case to the Western District was proper based on the location plaintiff was working at the time of the accident, that the co-defendant's principal place of business was 20 miles from Lafayette. Still, this Court found that in light of the above stated reasons, Delmar had failed to carry its burden to show that convenience of witnesses and public interest *required* that the case be transferred to the Western District of Louisiana.

[30] *Id.,* at *2; *see also Williams v. S. Towing Co.*, CIV.A. 03-2688, 2004 WL 60314 (E.D. La. Jan. 8, 2004) (denying defendant's motion for transfer of venue and agreeing with plaintiffs with regard to residence of medical witnesses as improper reasoning to support transfer to venue of defendant's choice over plaintiff's).

venue where they seek this case to be transferred;[31] this is the same factual reasoning the defendants in *Delmar* presented in support of their Motion to Transfer. Like this very Court found in *Delmar*, this Court should again find that such reasoning does not give way to overriding strong deference to the consistently held rule that plaintiff's choice of forum should not be disturbed absent exceptional circumstances. It is noteworthy that BP's choice of venue currently requires evidence of "an undeniable causal link" to pass *Daubert* muster.[32]

### b. A strict reading of Section 1404(a) should not apply here.

A traditional 1404(a) analysis should not apply here given the circumstances of this "direct filed" BELO lawsuit because Section 1404(a) was not created with the intent to displace plaintiff's choice of forum.[33] District Courts are generally not permitted to rely on 28 U.S.C. § 1404(a) to transfer cases out of a Multi-District Litigation court.[34] Only the Judicial Panel on Multidistrict Litigation has that authority. However, if the Court determines that the Section 1404(a) factors do apply here, it should not apply a traditional analysis of those factors and should place a heavy burden on the Defendants to prove that Plaintiff's choice of venue is improper because the circumstances here are unique in that Plaintiff did not get to choose where to file this

---

[31] Defendant's Memorandum in Support of BP Parties' Motion to Transfer Venue at 3, *Jackson v. BP Expl. and Prod. Inc.*, No. 2:24-cv-00878-CJB-DPC (E.D. La. Aug. 7, 2024).

[32] *See* R&R at 33, *Culliver v. BP Expl. & Prod., Inc.*, Case No. 21-cv-04942, Doc. 182 (N.D. Fla. April 3, 2024).

[33] *See Van Dusen v. Barrack*, 376 U.S. 612, 635 (1964) (stating that 1404(a) was not designed to narrow the plaintiff's venue privilege).

[34] *See Kalama v. Matson Nav. Co.,* 875 F.3d 297, 308 (6th Cir. 2017) ("the MDL court had no power to directly transfer" cases); *Sinclair v. Citi Mortgage, Inc.,* 519 F. App'x 737, 739 (3d Cir.) (requests to transfer must be filed with the JPML), cert. denied, 571 U.S. 902 (2013*); In Re: NCAA Student-Athlete Concussion Injury Litig.,* MDL No. 2492, 2023 WL 6461232 at *7 (N.D. Ill. Oct. 4, 2023) ("an MDL transferee court does not have the authority to transfer a consolidated case*"); In re FEMA Trailer Formaldehyde Prod. Liab. Litig.,* MDL No. 07-1873, 2012 WL 1580761 at *1 n.2 (E.D. La. May 4, 2012) ("the remand of transferred cases can be decided only by the Judicial Panel pursuant to section 1407(a)"); *In re Air Crash at Tegucigalpa, Honduras*, Nos. 09-02005-CIV, 09-20401 CIV, 2009 WL 4639348 at *1 (S.D. Fla. Nov. 5, 2009) (denying motion to transfer pursuant to § 1404(a): "Only the [JPML] which originally consolidated this action here, has such authority").

lawsuit to begin with. But for the MSA, Plaintiff could have filed in her selected forum and her choice would have been entitled to deference.

Courts have recognized that plaintiffs who file directly into an MDL are not provided with a choice of forum. Accordingly, a number of courts treat those plaintiffs' claims "as if they were transferred from a judicial district sitting in the state where the case originated."[35] As a BELO class member, Plaintiff was forced by the MSA to file in the Eastern District of Louisiana instead of another venue where the lawsuit could otherwise properly be brought.[36] Plaintiff never waived any right afforded by law by direct filing in this Court. BP has not shown that Plaintiff waived her *Lexecon* rights.[37] Therefore, Plaintiff's claim should be treated as if originally filed in the Southern District of Alabama.

### c. If the Court decides to strictly apply Section 1404(a) here, Defendants have failed to meet their heavy burden.

The Court has discretion to move venue to any other district or division where the suit

---

[35] *In Re: DePuy Ortho., Inc.,* 870 F.3d 345, 348 (5th Cir. 2017). *See also Axline v. 3M Co.,* 8 F.4th 667, 674 (8th Cir. 2021) (even where the MDL requires direct filing, "the forum remains the state where the action would have been brought"); *In Re: Bair Hugger Forced Air Warming Devices Prod. Liab. Litig.,* 999 F.3d 534, 538 (8th Cir. 2021) (where plaintiff was required to file in MDL court, law where the action "would have been brought in should govern"); *Wahl v. General. Elec. Co.,* 786 F.3d 491, 494 (6th Cir. 2015) (recognizing that standard choice of law rules do not apply in "direct-filed" MDL cases, and the law of the forum where the plaintiff "would have filed in the first place" should apply); *In re: Taxotere (Docetaxel) Prod. Liab. Litig.,* MDL No. 16-2740, 2020 WL 3487594 at *2 (E.D. La. June 1, 2020) ("The roughly 1400 cases at issue were filed directly into this MDL, and the Court will treat these cases as if they were transferred from a judicial district sitting in the state where the case originated") (internal quotation omitted).

[36] Class Members did not stipulate to not being able to litigate their cases to trial in a proper venue they select, nor does the MSA require that the Rule 1404(a) transfer factors apply.

[37] A *Lexecon* waiver permits a plaintiff to waive his or her right to have their action remanded under 28 U.S.C. § 1407(a). *See Axline,* 8 F.4th at 671 n.2 (describing and recognizing effect of *Lexecon* waiver). Courts have held that *Lexecon* waivers must be unambiguous. *See In re DePuy Ortho, Inc.,* 870 F.3d at 351; *Armstrong v. LaSalle Bank N.A.,* 552 F.3d 613, 615-19 (7th Cir. 2009). *See also Lexecon, Inc.,* 523 U.S. at 36 n.1 (rejecting implicit waiver argument). On the other hand, once a litigant waives his or her *Lexecon* rights, he or she must establish "good cause" to retract that waiver. *In Re: Bair Hugger Forced Air Warming Devices Prod. Liab. Litig.,* 322 F. Supp. 3d 911, 912 (D. Minn. 2018); *In re Fosamax Prod. Liab. Litig.,* No. 06 MD 1789 (JFK), 2011 WL 1584584 at *2 (S.D.N.Y. Apr. 27, 2011).

"might have been brought."[38] Plaintiff does not dispute that this case could have been brought in

the Northern District of Florida, however, Defendants have failed to meet their burden to support

transfer. Additionally, "at this early stage, assessing what best serves the "convenience of parties

and witnesses" and "interests of justice" is hardly an exact science, since it is often unclear how

the lawsuit will develop or what issues will be key."[39] Further, the Court should not conduct a

strict reading of Section 1404 here because of the unique circumstances in this case as explained

previously.

Under Section 1404, "the defendant bears the burden of demonstrating to the Court that it

should, in its sound discretion, decide to transfer the case."[40] A defendant moving for transfer of

venue "must show both that the original forum is inconvenient for itself and that the Plaintiff would

not be substantially inconvenienced by a transfer."[41] If the defendant cannot sustain this heavy

burden, the plaintiff's choice of forum should not be disturbed.[42] Further, the plaintiff's choice of

venue is to be given the appropriate deference,[43] especially as a matter of fairness where a plaintiff

is forced to direct-file in a certain MDL court due to a Medical Settlement Agreement. In

---

[38] *See* 28 U.S.C. Sec. 1404(a). See also *Mills v. Beech Aircraft Corp.,* 886 F.2d 758, 761 (5th Cir.1989); *In re Volkswagen of America, Inc.,* 545 F.3d 304, 312 (2008).

[39] *In re Volkswagen of America, Inc.,* 545 F.3d 304, 322 (2008) (King, Cir. J., dissenting).

[40] *See Peteet,* 868 F.2d at 1436 (holding that the decision to transfer rests within the sound discretion of the court); *Time, Inc. v. Manning,* 366 F.2d 690, 698 (5th Cir.1966) (holding that the defendant bears the burden of demonstrating that the action should be transferred); *see also Carpenter v. Parker Drilling Offshore USA, Inc.,* CIV.A. 05-265, 2005 WL 1432373 (E.D. La. June 16, 2005) (holding that the "plaintiff's privilege to choose, or not to be ousted from, his chosen forum is highly esteemed...[u]nless the balance of factors strongly favors the moving party, the plaintiff's choice of forum generally should not be disturbed").

[41] *Columbia Energy Services Corporation v. TDC Energy Corporation,* 2002 WL 272382, at *2 (E.D. La. 2002) (emphasis added).

[42] *Id.*

[43] *In re Volkswagen of Am., Inc.,* 545 F.3d 304, 315 (5th Cir. 2008) ("[W]hen the transferee venue is not clearly more convenient than the venue chosen by the plaintiff, the plaintiff's choice should be respected); *See also, Laitram Corp.,* 120 F. Supp. 2d at 609 (a plaintiff's choice of venue is entitled to great weight and it places a significant burden on the movant to show good cause for the transfer); *Praetorian Specialty Ins. Co. v. Auguillard Const. Co., Inc.,* 829 F. Supp. 2d 456, 472 (W.D. La. 2010) (the plaintiff's choice of venue is "taken into account as it places a significant burden on the movant to show good cause for the transfer").

determining whether to transfer venue in a particular case, the court must exercise its discretion in light of the particular circumstances of the case.[44]

The Court also must consider the aforementioned eight-factor test traditionally applied in the Fifth Circuit. Defendants fail to note that this rule is subject to the Supreme Court's 1964 holding in *Van Dusen v. Barrack*, in which it held the defendant's mere desire to transfer the case to what it considers a more convenient court does not override the plaintiff's chosen venue when the plaintiff's choice is proper.[45] Plaintiff's choice of venue – Southern District of Alabama – is proper here because the case could have been originally brought there. Furthermore, taking each factor in turn demonstrates that BP has not sustained its burden of proof to override Plaintiff's chosen forum.

### 1. Private Interest Factors

### i. Access to Sources of Proof

Due to advances in copying technology and information storage, almost any venue will have easy access to the necessary records acting as sources of proof in this case. Both the Southern District of Alabama and the Northern District of Florida have required electronic case filing for a long time. The relevant documents will be converted to electronic form, and whether they are displayed on monitors in either district makes no difference to their availability. BP has not proven that it would be clearly more convenient to access sources of proof in the Northern District of Florida than in the Southern District of Alabama. Therefore, this factor weighs against transfer to the Northern District of Florida.

---

[44] *Columbia Energy Services Corp. v. TDC Energy Corp.,* 2002 WL 272382, at *2 (E.D. La. 2002).

[45] *See Van Dusen v. Barrack*, 376 U.S. 612, 635 (1964) (noting that Section 1404(a) "was not designed to narrow the plaintiff's venue privilege"). *See also Time, Inc. v. Manning*, 366 F.2d 690, 698 (5th Cir. 1966) ("At the very least, the plaintiff's privilege of choosing venue places the burden on the defendant to demonstrate why the forum should be changed").

### ii. Availability of Compulsory Process to Secure Witnesses

"[I]n consideration of this factor, the Court should only consider a district court's ability to compel the appearance of non-employee witnesses who are unwilling to testify absent a subpoena."[46] Under § 1404(a), "the party seeking a transfer for convenience of witnesses must clearly specify the key witnesses and make a general statement of what their testimony will cover. Without a specific showing of what the testimony of the named witnesses may be, a court may not consider those witnesses in its decision regarding the witnesses' convenience."[47]

Here, BP has not met their burden to show good cause for transfer because there is no indication that witnesses who will be important in this trial would not attend trial and BP has not produced evidence to rebut such. Additionally, in BP's Motion, they primarily highlight the locations and convenience for Plaintiff's treating doctors, yet they fail to mention the witnesses who Plaintiff worked with in Alabama, still likely reside there, and are likely to have the most difficulty with travel. BP points out that three of Plaintiff's medical doctors are located in Birmingham, Alabama, which is part of the Northern District of Alabama. However, BP fails to mention that the court's subpoena power runs throughout the state,[48] so those doctors could be mandated to attend trial in the Southern District of Alabama.[49] As BP has yet to identify unwilling witnesses that would necessitate the need for compulsory process to secure their testimony, this factor weighs against transfer to the Northern District of Florida.

### iii. Cost of Attendance for Willing Witnesses

"Courts and commentators have expressed doubt about whether § 1404(a) should "be

---

[46] *U.S. United Ocean Servs., LLC v. Powerhouse Diesel Servs., Inc.,* 932 F.Supp.2d 717, 731 (E.D. La. 2013).

[47] *Id. See also Praetorian Specialty Ins. Co.,* 829 F. Supp. 2d at 472; *Cyprus Drilling. Inc. vs. Griffin*, 2006 WL 2177992, at *2 (W.D. La. 2006).

[48] Fed. R. Civ. P. 45 (b)(2).

[49] Fed. R. Civ. P. 45 (c).

invoked for transfer between two courts if there is only a relatively short distance between the original forum and the proposed transferee court and it can be traveled easily."”[50] As explained in *Severance v. Patterson*, Defendants and witnesses are not embarking on a multi-week trip in covered wagons, rather, the highway is paved and lighted, so the Defendants should be able to hurtle to justice at lightning speed.[51] "[A]ny inconvenience suffered in having to drive … may likely be offset by the peacefulness of the ride and the scenic beauty…"[52]

"When the distance between an existing venue for trial of a matter and a proposed venue under § 1404(a) is more than 100 miles, the factor of inconvenience to witnesses increases in direct relationship to the additional distance to be traveled."[53] The Southern District of Alabama courthouse, located in Mobile, Alabama, is only about fifty-seven miles from the Northern District of Florida courthouse located in Pensacola, Florida. BP's contention that transferring this case to the Northern District of Florida would be more "convenient" for Plaintiff's own non-retained treating doctors is nonsensical. Due to the closeness of the courthouses and the current age of convenient travel, the distance to each barely affects the convenience to all who may need to attend trial. Further, given the close proximity of Mobile to Pensacola, the difference in logistical and operational costs of having witnesses attend a trial in the Southern District of Alabama versus the Northern District of Florida would be minimal or negligible, at best.

BP's Motion to Transfer Venue consists of bald, conclusory notions regarding Plaintiff's own witnesses.[54] Ultimately, BP failed to show how the courthouse in the Northern District of

---

[50] *Severance v. Patterson*, Not Reported in Fed. Supp. (2006) at *2 (citing 15 Wright, Miller, & Cooper, Federal Practice and Procedure § 3854 n.32 and accompanying text (2 ed. 1986 & Supp. 2006)).
[51] *Id.* at *3.
[52] *Id.*
[53] *In re Volkswagen of Am., Inc.,* 545 F.3d 304, 317 (5th Cir. 2008).
[54] Defendant's Memorandum in Support of BP Parties' Motion to Transfer Venue at 4-5, *Jackson v. BP Expl. and Prod. Inc.*, No. 2:24-cv-00878-CJB-DPC (E.D. La. Aug. 7, 2024).

Florida would be clearly more convenient to the necessary witnesses than a courthouse located within the Southern District of Alabama. Therefore, this factor weighs against transfer to the Northern District of Florida.

### iv. Other Practical Problems that Make a Trial Easy, Expeditious, and Inexpensive

In the context of a motion to transfer venue, when the defendant-movant is a large multinational oil company, "with offices and operations scattered throughout the United States and several foreign countries[,]" this Court 'affords the [convenience of witnesses] factor very little weight, if any, when considering the present motion.'"[55] Just like the defendant, *Parker Drilling,* in *Carpenter v. Parker Drilling Offshore USA.,* BP is a mega oil industry conglomerate with offices and operations conducted worldwide. Like *Parker Drilling,* BP's "routine business operations require frequent transportation of its employees between states and between the United States and foreign countries."[56] Additionally, BP has more than sufficient contacts in the Southern District of Alabama, regularly conducts business in the Southern District of Alabama, has legal counsel in the Southern District of Alabama, and is currently involved in multiple ongoing cases in the Southern District of Alabama. BP's own retained general causation experts are closer to, thus less inconvenienced, by travel to Alabama as opposed to Florida. Moreover, BP has actually argued to move similar Deepwater Horizon Oil Spill exposure cases to the Southern District of Alabama.[57] Thus, this Court should find, as it did in *Parker Drilling*, that the convenience of Defendant's witnesses carries very little weight, if any, and should hold that this factor weighs against transfer to the Northern District of Florida.[58]

---

[55] *See Carpenter v. Parker Drilling Offshore USA, Inc.*, CIV.A. 05-265, 2005 WL 1432373, at *2 (E.D. La. June 16, 2005).
[56] *Id.*
[57] Order at 2, *Pritchett v. BP Expl. & Prod. Inc.,* No. 1:24-cv-00524-CFC (D. Del. Aug. 9, 2024).
[58] *Id.*

## 2. Public Interest Factors

### i. Court Congestion

The most recent Federal Court Management Statistics published by the United States Courts show that the Southern District of Alabama's docket is substantially less congested than the Northern District of Florida's docket.[59] According to these statistics, the weighted case filings per active judgeship in the Defendants' preferred district is 8,585. In the Southern District of Alabama, the weighted case filings per active judgeship is 302 – more than 28 times less than that of the Northern District of Florida. There are 58, 130 pending cases in the Northern District of Florida, while only 308 in the Southern District of Alabama. Given these caseload differences, it is no surprise that the median time between filing and trying a civil case in the Northern District of Florida (32.5 months) is much longer than in the Southern District of Alabama (only 9.6 months). Again, this factor weighs against transfer to the Northern District of Florida and in favor of transfer to the Southern District of Alabama.

### ii. Local Interests

Although very important, local interests should not override the deference owed to Plaintiff's choice of forum, especially where both forums have equal public policy interests, and the venues are located in such close proximity to one another. Courts generally look to the interests of the public in the location where the events formed part of the dispute.[60] Here, the Decedent was exposed to toxic substances as a result of Defendant's actions on the Gulf Coast shorelines of both Alabama and Florida. In this regard, the forums are equal at best and Plaintiff's choice of forum should not be disturbed.

---

[59] *See* U.S. District Courts – Combined Civil and Criminal Federal Court Management Statistics (June 30, 2024), ADMIN. OFF. OF THE U.S. CTS., Chrome-extension://efaidnbmnnnibpcajpcglclefindmkaj/https://www.uscourts.gov/file/78875/download.

[60] *U.S. United Ocean Servs.,* 932 F.Supp.2d at 733-34.

Although Decedent was and Plaintiff is a resident of North Florida, they live near the border between Florida and Alabama and Decedent was exposed to harmful toxins in both states. Residents of both districts on the Gulf Coast were exposed within their borders to harmful chemicals from the Deepwater Horizon Oil Spill. Alabama's public policy interests here differ little from those of Florida.

Finally, the Northern District of Florida cannot possibly have a unique public policy interest here to fairly resolve this case on its scientific merits, and warranting transfer, as the Magistrate Judge there has already ruled in *dicta* that "the science does not support the case."[61] BP's contention that transferring this case to the Northern District of Florida supports "public policy" is nonsensical. BP has wholly failed to show that the Northern District of Florida has a strong public policy interest in this case and has even argued in other Deepwater Horizon cases that Alabama has strong public policy interests in resolving BP cases.[62] As BP has not shown that the local interests would be clearly better served in the Northern District of Florida, or that local interests in the Southern District of Alabama are irrelevant, this factor weighs against transfer to the Northern District of Florida and in favor of transfer to the Southern District of Alabama.

### iii. Familiarity of the Forum with the Governing Law

Both forums in question are uniquely familiar with the maritime law at issue in this case as there are already ongoing Deepwater Horizon Oil Spill BELO cases in both jurisdictions. Likewise, the judges in both have gained familiarity with the laws and facts applicable to BELO

---

[61] *In re Deepwater Horizon Belo Cases,* 3:19CV963-MCR-HTC, 2022 WL 17721595 at *2 (N.D. Fla. Dec. 15, 2022), *report and recommendation adopted sub nom. In re Deepwater Horizon BELO Cases*, 3:19CV963, 2023 WL 2711573 (N.D. Fla. Mar. 30, 2023), *appeal dismissed sub nom. In re Deepwater Horizon Belo Cases,* 23-11535, 2023 WL 7284608 (11th Cir. Oct. 31, 2023).
[62] Order at 8-9, *Pritchett v. BP Expl. & Prod. Inc.,* No. 1:24-cv-00524-CFC (D. Del. Aug. 9, 2024).

cases. In the Southern District of Alabama, similar BELO cases are governed by an umbrella discovery process[63] which would help expedite the litigation process for this case. Additionally, current omnibus orders in the Southern District of Alabama reflect a schedule which provides for rebuttal reports, while Plaintiffs in BELO cases in the Northern District of Florida are forced to file opposed motions to request leave to file rebuttal reports, which have all been denied.

To promote justice, "the law has a strong preference to resolve cases on their merits, rather than on technicalities."[64] No Deepwater Horizon BELO case has yet been resolved based on its scientific merits at trial. Every case filed in the Northern District of Florida has been dismissed on procedural technicalities, but these cases are currently on appeal. It would actually be a miscarriage of justice to transfer this case to the Northern District of Florida despite Plaintiff's choice of proper venue. BP has failed to prove that the Northern District of Florida is better equipped or more experienced to handle this case than the Southern District of Alabama, so this factor weighs against transfer to the Northern District of Florida.

### iv. Avoidance of Conflicts

There is no anticipated conflict of law issues in this case. As BP has not showed that there would be less chance of conflict if the case was transferred to the Northern District of Florida, this factor weighs against transfer.

## IV.    CONCLUSION

BP has failed to carry its burden that the balance of convenience, public interest factors,

---

[63] *See Rubi v. BP Expl. & Prod., Inc.*, No. 1:22-cv-047 (S.D. Ala. Mar. 3, 2023); *Clemons v. BP Expl. & Prod., Inc.*, No. 1:22-cv-0246 (S.D. Ala. Feb 9, 2023); *Gordon v. BP Expl. & Prod., Inc.*, No.1:22-cv-481 (S.D. Ala. July 18, 2023); *Castleberry v. BP Expl. & Prod., Inc.*, No. 1:22-cv-0254 (S.D. Ala. July 18, 2023); *King v. BP Expl. & Prod., Inc.*, No. 1:22-cv-437 (S.D. Ala. June 26, 2023); *Colston v. BP Expl. & Prod., Inc.*, No. 1:22-cv-422 (S.D. Ala. May 26, 2023).

[64] *See Duplechin v. Broussard,* Case No. CIV A. 05-1926, 2006 WL 1949445, at *1 (W.D. La. July 10, 2006) (recognizing "the overall policy of federal courts to resolve disputes on their merits, rather than on procedural or technical grounds.").

and the interest of justice strongly favor transfer to the Northern District of Florida. Plaintiff respectfully urges the Court to deny BP Defendants' Motion to Transfer this case to the Northern District of Florida and enter an Order transferring the case to the Southern District of Alabama instead.

Respectfully submitted,

**THE DOWNS LAW GROUP, P.A.**
3250 Mary Street Ste 307
Coconut Grove, FL 33133
Telephone: (305) 444-8226
Facsimile: (305) 444-6773

*/s/ C. David Durkee*
**C. DAVID DURKEE, ESQ.**
Florida Bar No.: 998435
Email: ddurkee@downslawgroup.com

*/s/ Jordan H. Maun*
**JORDAN H. MAUN, ESQ.**
Florida Bar No.: 1054323
Email: jmaun@downslawgroup.com

*Attorneys for Plaintiff*

## CERTIFICATE OF SERVICE

I hereby certify that on August 20, 2024, the above and foregoing pleading was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System. Notice of this filing will be sent to all counsel of record registered to receive electronic service by operation of the court's electronic filing system. Dated this 20th day of August 2024.

*/s/ C. David Durkee*
C. David Durkee, Esq.